**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Peter Bernard CAREY, Jr.,
Defendant—Appellee.**

No. 01–30186.

D.C. No. CR–01–00014–DWM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2002.

Decided March 13, 2002.

Before POLITZ,* CANBY, and
KLEINFELD, Circuit Judges.

MEMORANDUM**

The Government takes this interlocutory
appeal from the district court's suppres-
sion order. We review *de novo* the district
court's determination that reasonable sus-
picion did not exist;[1] we review for clear
error the court's findings of fact.[2]

■ The district court ruled that the
officers had reasonable suspicion to stop
Carey for driving without a license plate,
but that reasonable suspicion dissolved
once they determined that Carey's van
bore a proper temporary registration
sticker, so Carey's detention beyond that
point was unconstitutional.

■ We reverse. Detective Sweet rea-
sonably approached Carey's window with-

out first closely inspecting the temporary
registration sticker, because contacting the
driver protected his and Agent Baker's
safety.[3] The same holds for Agent Baker,
who approached the rear of the van to see
if there were any passengers. While De-
tective Sweet approached and spoke with
Carey at front driver-side window, Agent
Baker simultaneously approached the rear
and rear driver-side windows and saw the
unmelted snow on the duffle bag. The
district court ruled that the officers' rea-
sonable suspicion of a traffic violation dis-
solved when they saw the temporary regis-
tration sticker. But Agent Baker saw at
approximately the same time the unmelted
snow which, considered in the "totality of
the circumstances"[4] (the tripped border
sensor, the apparent rendevous point with
a snowmobile, the fact that Carey was
found at the approximate time and position
the officers' calculated that whoever had
met the snowmobile would be) gave the
officers a new and strong basis for reason-
able suspicion, for drug trafficking.[5] This
new basis for reasonable suspicion, the
unmelted snow on a duffle bag in a warm
car, and the brevity of the stop before its
discovery, distinguish this case from *Unit-
ed States v. Chavez–Valenzuela.*[6] There
the officer prolonged detention after rea-
sonable suspicion was dissolved.[7]

■ The officers had reasonable suspi-
cion to detain Carey for drug trafficking

* The Honorable Henry A. Politz, Senior United
States Court of Appeals Judge for the Fifth
Circuit, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

1. *United States v. Tiong,* 224 F.3d 1136, 1139
(9th Cir.2000).

2. *Id.*

3. *See United States v. Dexter,* 165 F.3d 1120,
1126 (7th Cir.1999). *Cf. Ruvalcaba v. City of*

*Los Angeles,* 64 F.3d 1323, 1327–28 (9th Cir.
1995) (holding that police officer may order
passengers of vehicle to step outside to ensure
his safety).

4. *United States v. Arvizu,* 534 U.S. 266, 122
S.Ct. 744, 750, 151 L.Ed.2d 740 (2002) (inter-
nal quotation marks omitted).

5. *Cf. Tiong,* 224 F.3d at 1139–1140.

6. 268 F.3d 719 (9th Cir.2001).

7. *Id.* at 724–27.

long enough to subject his van to a drug-sniffing dog. Once the dog alerted, they had probable cause to arrest Carey, obtain a search warrant, and search the van. The fruits of that search should not have been suppressed.

**REVERSED.**

CANBY, Circuit Judge, dissenting.

I dissent. Once Officer Sweet had ascertained that Carey had a proper driver's license and registration, the detention should have ended. *See United States v. Chavez–Valenzuela,* 268 F.3d 719, 724–25 (9th Cir.2001). The record suggests that Agent Baker discovered the snow-covered bag after that point; if there is any doubt on that score, we should require further findings rather than simply reversing.